UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

DEBTORS:


MDBZJGGS LLC and DYNAMIC STAR, LLC

-------------------------------------------------------------------------------X

**NOTICE OF
MOTION TO
VACATE STAY**

Case Numbers:
26-22254 and
26-22264

 

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of Kayla E. Bargeron, Esq., duly affirmed on June 26, 2026, in support of the motion to vacate the automatic stay, the Memorandum of Law in support of the motion to vacate the automatic stay of Kayla E. Bargeron, Esq., the Affirmation of Tyrone Blake Sr., duly affirmed on June 25, 2026, together with the Exhibits annexed thereto, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move at the United States Bankruptcy Court, Southern District of New York, 500 Pearl St, New York, NY 10007 on August 4, 2026, at 10:00 AM, or as soon thereafter as counsel can be heard for an Order pursuant to Title 11 of the United States Code (hereinafter referred to as the Code), Section 362(d), modifying the stay presently in effect to the extent of authorizing creditor, TYRONE BLAKE SR., to continue a negligence action currently pending in New York State Supreme Court, Bronx County, against Debtors MDBZJGGS LLC and DYNAMIC STAR, LLC and granting the Creditor such other and further relief as the Court deems proper and just.

**PLEASE TAKE FURTHER NOTICE**, that answering affidavits, if any, are to be served upon the unsigned within seven (7) days prior to the return date of the within application.

Dated:  Great Neck, NY
        June 26, 2026

Yours, etc.

KAYLA E. BARGERON
SILBOWITZ, GARAFOLA, SILBOWITZ &
SCHATZ LLP
ATTORNEY FOR PLAINTIFF(S)
TYRONE BLAKE SR.
55 WATER MILL LANE, SUITE 400
GREAT NECK, NY 11021
(212) 354-6800
Our File No. 202300352

TO:

Benesch, Friedlander, Coplan & Aronoff LLP
1155 Avenue of the Americas, Floor 26
New York, NY 10036

NYC Department of Environmental Control Board
Attn: Michelle Mirro, Esq.
375 Pearl Street, 30th Floor
New York, NY 10038

2

NYC Dept of Housing Preservation and Development
100 Gold Street
New York, NY 10007-2601

NYC Dept of Law
Attn: Bernadette Brennan, Esq.
100 Church St Rm 5-233
New York, NY 10007-2601

NYC Environmental Control Board
66 John St Fl 10
New York, NY 10038-3772

NYS Attorney General
28 Liberty St
New York, NY 10005-1400

NYS Department of Taxation Bankruptcy/Special Procedure
P.O. Box 5300
Albany, NY 12205

Perkins Eastman
115 Fifth Avenue
New Yark, NY 10003

MPFP
120 Broadway
New York, NY 10271

Moffat & Nichol
1201 Peachtree St NE, Suite 1106
Atlanta, GA 30361

NV 5 Global, Inc.
32 Old Slip, Suite 401
New York, NY 10005

Sive, Paget & Riesel, P.C.
560 Lexington Avenue
New York, NY 10022

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X     **AFFIRMATION**

DEBTORS:                                                                                          Case Numbers:
                                                                                                        26-22254 and
                                                                                                        26-22264

MDBZJGGS LLC and DYNAMIC STAR, LLC

-----------------------------------------------------------------------------------X

      KAYLA E. BARGERON, an attorney admitted to practice before the Courts of this State,

affirms the following to be true under the penalties of perjury under the laws of New York, which

may include a fine or imprisonment, and understands that this document is being filed in an action

or proceeding in a court of law:

      1.     I am an associate of SILBOWITZ, GARAFOLA, SILBOWITZ, & SCHATZ, LLP,

attorneys for the Creditor TYRONE BLAKE SR. and as such I am fully familiar with the facts and

circumstances of this action based upon a review of the case file and the investigation materials

contained therein.

      2.     I am an attorney admitted to practice law in the Courts of the States of New York

and admitted to the federal court for the Southern District of New York.

      3.     This affirmation is submitted in support of the within application for an order

pursuant to Title 11 of the United States Bankruptcy Code section 362(d), modifying the automatic

stay presently in effect to the extent of authorizing creditor, TYRONE BLAKE SR., to continue a

negligence action against debtors MDBZJGGS LLC and DYNAMIC STAR, LLC to the extent of

the insurance coverage of said debtors. Said action is currently pending in the Supreme Court of

the State of New York, County of Bronx under Index No. 809043/2023E.

      4.     This office has been informed by counsel that Debtors have liability insurance

coverage with the Mesa Underwriters Specialty Insurance Company under Policy Number

22609065 in a sum sufficient to redress the injuries sustained by creditor TYRONE BLAKE SR.

Said insurance policy would be utilized to reimburse Creditor TYRONE BLAKE SR for his damages so that Debtors would not suffer any prejudice by having to satisfy his claim. I have been informed that there is no deductible as to the policy in question for which the Debtors would be responsible. It is respectfully requested that this Court render an expeditious decision to the within application so that the action may be continued in Supreme Court, Bronx County, without undue delay.

5.      No prior application has been made for the within relief to this or any other Court.

Dated:  Great Neck, NY
        June 26, 2026

_____
KAYLA E. BARGERON

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

DEBTORS:


MDBZJGGS LLC and DYNAMIC STAR, LLC


------------------------------------------------------------------------------X

**MEMORANDUM OF LAW**

Case Numbers:
26-22254 and
26-22264

## STATEMENT OF FACTS

1.      A rendition of the relevant prior proceedings and facts of the case at bar are stated within the annexed affidavit of Creditor TYRONE BLAKE SR.

## ARGUMENT

I.      AS A PARTY IN INTEREST, THE DEBTOR HAS DEMONSTRATED SUFFICIENT CAUSE AND APPROPRTATE CIRCUMSTANCES TO MODIFY THE AUTOMATIC STAY

2.      Under section 362 (a) of the Code, a stay against the commencement or continuation of virtually all proceedings against the debtor goes into effect automatically once a bankruptcy petition is filed. *In re Willard*, 15 B.R. 898, 900 (9th Cir. 1981).

3.      The creditor need not even have actual notice of the filing of the bankruptcy petition for the automatic stay to be effective. *See, Carter v. Van Buskirk*, 16 B.R. 481, 493 (W.D.Mo. 1981) aff'd 691 F.2d 390 (8th Cir. 1982). Knowledge of the bankruptcy filing is the legal equivalent to knowledge of the stay. *In re McLaughlin*, 96 B.R. 544, 559 (E.D.Pa 1989), citing, *In re Wagner*, 74 B.R. 898, 904 (E.D.Pa. 1987).

4.      The automatic stay is the fundamental protection provided to a debtor by the code. It affords the debtor protection from creditors in that it stops all collection efforts, harassment, and foreclosure actions. It also permits the debtor to attempt a reorganization plan or to simply be relieved of the financial pressures which propelled him into bankruptcy. House Report Number

95-595, 95th congress, 1st session 340-2 (1977); Senate Report Number 95-989, 95th Congress, 2d 54-55 (1978); reprinted in, 1978 U.S. Code Cong. & Ad. News at 5797, 5840-1 and, 6296-97. Congress intended the automatic stay to be broad in scope to protect both the debtor and his creditors from a piecemeal dismemberment of the estate of the debtor. Prior to a dismissal or discharge of the proceeding, a party in interest may, for cause, request by a noticed hearing relief from the stay. 11 U. S. C. Section 362 (d) (1).

5. Section 362 (d) (1) of the Code provides in pertinent part:

On request to the party in interest notice and after notice and hearing, the Court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying or conditioning such stay- -

1. for cause, including lack of adequate protection of an interest in property of such party in interest.

6. Section 362 (e) further mandates that the automatic stay be terminated thirty [30] days after the request is made, unless the Court after notice and a hearing, orders the stay to remain in effect pending the conclusion of the hearing and determination of the motion.

7. Although Congress intended for the automatic stay provisions within section 362(a) of the Code to have broad application, the legislative history of said statute indicates that Congress recognized that the stay should be lifted when appropriate circumstances were established.

8. The legislative history of said statute illustrates the above: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *In re Honosky*, 6 B.R. 667, 669 (Bankr. S.D.W.Va. 1980), *citing*, Senate Report Number 989, 95th Congress, 2d Session 50, reprinted in, 1978 U.S. Code and Cong. & Ad. News at 5836.

9. There is no clear definition of what constitutes "cause"; thus the court must use its

2

discretion on a case-by-case basis when determining whether to grant relief from the stay. *Pursifull v. Eakin*, 814 F.2d l501 (10th Cir.1987), citing, *In re Castlerock Properties*, 781 F. 2d 159, 163 (9th Cir. 1986), *quoting*, *In re MacDona1d*, 755 F.2d 715, 717 (9th Cir. 1985).

10.     "Cause" has been interpreted to mean much more than a lack of adequate protection in an interest of property.

11.     Actions which are only remotely related to the bankruptcy proceeding or which involve rights of third parties are often permitted to proceed in another forum. *Manufacturers' Finance Corp. v. Vye-Neill Co.*, 46 F.2d 146 (D. Mass. 1930), *aff'd*, 62 F.2d 625, 628 (1st Cir. 1933), *cert. den*, 289 U.S. 738 (1933); *Pursifull v. Eakin, supra*; *Sovran Bank, N.A. v. Anderson*, 743 F.2d, 223 (4th Cir. 1984).

12.     Previously filed actions involving unsecured creditors have been allowed to continue despite the automatic stay provisions in section 362(a) of the code. *See*, *In re Olmstead*, 608 F.2d 1365 (10th Cir.1979); Brodsky v. Philadelphia Athletic Club, Inc., 9 B.R. 280 (Bankr. E.D.pa. 1981); *In re Frigitemp Corp.*, B B.R. 284 (D.C.S.D.N.Y. 1981); *In re Harris*, 7 B.R. 284 (D.C.S.D.Fla. 1980); *In re Honosky, supra*.

13.     Proceedings wherein the debtor is a fiduciary or which involve the post-petition activities of the debtor are generally not stayed. House Report Number 595, 95th Congress, 1st Session 343-44 (1977), *reprinted in*, 1978 U.S. Code Cong. & Ad. News at 5838.

14.     The rationale for lifting the stay in the above cases is that "they bear no relationship to the purpose of the automatic stay, which is the protection of the debtor and his estate from his creditors. " *Id*.

15.     Additionally, "cause" has been found, and the stay vacated so that a claim of a creditor could be liquidated in another forum more conveniently and expeditiously than in the

bankruptcy court. *In re Kemble*, 776 F.2d 802 (9th Cir. 1985) (judicial economy); *Garland Coal & Mining Co. v. United Mine Workers of America*, 778 F.2d l297 (8th Cir. 1985) (arbitration of labor claim); In re Pro Football Weekly, Inc. 60 B.R. 924 (N.D. Ill 1986) (judicial economy).

16. More significantly, if a claim of a creditor is covered by insurance, the stay should likewise be set aside so as to allow the creditor to commence or continue her action against the debtor. *Foust v. Munson Steamship Lines*, 299 uU.S.77, 57 S. Ct. 90, 81 L. Ed 49 (1936); *In re Adolph Gobel. Inc.*, 89 F.2d 171 (2d Cir. 1937)

17. In *Foust v. Munson Steamship Lines*, *supra*, an administrator of the deceased sought a vacatur of the automatic stay so that he could proceed with a wrongful death action against the debtor. *Id*. 299 U.S. at 78-79. The debtor had insurance coverage, and if the administrator obtained a judgment, he would sue the insurer to enforce liability under section 109 of the Insurance Law of New York. *Id*.

18. Associate Justice Pierce Butler explained that: "The reorganization proceedings are not inherently inconsistent with jury trial for the liquidation of such claims [wrongful death]. Unless satisfactorily shown that prosecution of petitioner's [administrator] action would embarrass the administration of the debtor's estate, the district court should have granted leave [to proceed with the wrongful death action]." *Id.*, 299 U. S. at 84.

19. The court did not find any support in the record below to maintain the stay on the ground that in negligence case, juries often give larger verdicts than reason justifies. *Id*. To hold otherwise would deprive the administrator of a constitutional right to a trial by jury. U.S.C.A., Const. Amend. VII. The court explicitly noted the importance of such a right, as Justice Butler quoted another recent decision of the United States Supreme Court: "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and

4

jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Id, citinq*, *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935). In a negligence action, the debtor will be represented by an attorney from the insurance carrier. *Foust v. Munson Steamship Lines, supra*, 299 U.S. at 84-85. Consequently, the defense of the action shall not impose any burden whatsoever, financial or otherwise, upon the trustee or the debtor. *Id*.

20.    In the case of *In re Holtkamp, supra*, the bankruptcy court authorized plaintiff to proceed with a pending negligence claim although defendant had now filed a bankruptcy petition on the eve of trial.

21.    Circuit Judge William J. Bauer, who wrote the opinion for the Seventh Circuit Court of Appeals, did not believe that vacatur of the stay frustrated the policy of the Code. Id, 669 F.2d at 508. To the contrary, Judge Bauer believed that the lifting of the stay was in complete harmony with the Code's policy of quickly and efficiently formulating plans for repayment and reorganization. *Id*.

22.    Since the pending action was neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fostered the policy of the Code. *Id, citing*, Senate Report Number 989, 95th Congress, 2d session 50, 52, *reprinted in,* 1978 U.S. Code Cong. & Ad. News at 5836, 5838. Additionally, allowing the negligence action to proceed did not jeopardize the estate of the debtor, because the insurer assumed full financial responsibility for defending that action. *Id*, 669 F.2d at 508-509.

23.    In *In re Adolf Gobel, Inc., supra*, the appellant's intestate was allegedly fatally wounded due to the negligence of the debtor. *Id*, 89 F.2d at.171. Thereafter, the debtor filed a petition for bankruptcy. *Id*. Appellant then obtained permission to sue from the bankruptcy court

and did in fact institute his action in Kings County, Supreme Court against the debtor. *Id*. Nevertheless, appellant filed a proof of claim in the bankruptcy proceeding. *Id.*

24.     The debtor objected to the proof of claim, and the bankruptcy court referred the claim to a special master to hear a report. *Id.* 89 F.2d at 172.  The debtor had insurance which would have covered all damages of appellant. *Id*. The parties then fought over which forum should entertain appellant's claim against the debtor, i.e., the bankruptcy court or the Supreme Court.

25.     The district court agreed with the bankruptcy court finding that the bankruptcy court was the proper forum.

26.     On appeal to the Second Circuit Court of Appeals, the orders below were reversed, and the claim of appellant was referred to the state Supreme Court, Kings County, New York. *Id*. The circuit court treated the appellate issue as one under section 362(d) (1) of the Code. *Id*. Writing for the panel of judges, Circuit Judge Harrie Brigham Chase cited *Foust v. Munson Steamship Lines*, *supra*, as controlling.

27.     In view of the above case and an exercise of sound discretion taking into account the advantages and disadvantages of all concerned parties, the court permitted appellant to liquidate his claim in the state court, thereby preserving the availability of the insurance of the debtor so that the claim could be satisfied. *In re Adolf Gobel, Inc.*, *supra*, 89 F.2d at 172. Moreover, there was no reason to believe that by doing so there would be any unreasonable hinderance or delay to the bankruptcy proceeding. *Id*.

## CONCLUSION

28.    For all of the foregoing reasons, it is respectfully submitted that this Court grant this motion of the creditor in its entirety, together with such other and further relief as this Court deems just, proper and equitable.

Dated:  Great Neck, NY
             June 26, 2026

_____
KAYLA E. BARGERON

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X    **AFFIRMATION**

DEBTORS:                                                                              Case Numbers:
                                                                                     26-22254 and
                                                                                     26-22264

MDBZJGGS LLC and DYNAMIC STAR, LLC

-------------------------------------------------------------------------------X

**TYRONE BLAKE SR.** affirms the following to be true under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, and understands that this document is being filed in an action or proceeding in a court of law:

1.      I submit this Affirmation in support of my instant motion for a modification of the automatic stay in effect as against debtors MDBZJGGS LLC and DYNAMIC STAR, LLC herein.

2.      Your Affirmant has a case pending against said debtors in Supreme Court of the State of New York, Bronx County under Index # 809043/2023E.

3.      Your Affirmant was injured due to the negligence of MDBZJGGS LLC and DYNAMIC STAR, LLC, and others, on the pavement/walkway in front of 2475 Exterior Street, in the County of Bronx, City and State of New York on December 21, 2022. The defendants in said action failed to properly maintain said walkway and failed to properly remove snow and ice from that location, thus causing me to fall and be injured. As such, I am fully familiar with the facts and circumstances stated herein.

4.      My attorneys inform me that I have a valid cause of action against the debtors for money damages for personal injuries

5.      Your Affirmant has been informed that the debtors had liability insurance coverage in effect on the date of my accident with Mesa Underwriters Specialty Insurance Company under Policy Number 22609065, without any deductible, in an amount sufficient to afford coverage for

the injuries that I sustained. Said insurance policy would likely reimburse me for my damages so that the debtor would not suffer any prejudice by having to satisfy my claim.

6.      My attorneys advise me that I cannot continue with my negligence action against the debtors which is pending in the Supreme Court of the State of New York, Bronx County, without the approval of this Court, since debtors MDBZJGGS LLC and DYNAMIC STAR, LLC filed for bankruptcy. I have been informed that the debtors have been afforded the protection of an automatic stay preventing virtually all litigation against the debtors.

7.      My attorneys, however, instruct me that the automatic stay may be terminated, annulled, modified or conditioned if cause can be shown by a party in interest. As a party in interest, your affirmant respectfully submits that my ability and opportunity to proceed against the debtors to the extent of their insurance coverage may be construed as cause to obtain relief from the stay.

8.       There is no prejudice to the debtor if this Court grants relief from the stay, since there is an applicable insurance policy. *Id*. Conversely, your affirmant has and shall continue to suffer tremendous hardship if the stay is continued.

9.      Accordingly, your affirmant respectfully requests that this Court modify the automatic stay to the extent of authorizing me to proceed with my negligence claim against debtor MDBZJGGS LLC and DYNAMIC STAR, LLC in Supreme Court of the State of New

York, County of Bronx, as limited by their insurance coverage together with such other and further

relief as this Court deems just, proper and equitable.

Dated:          Bronx, NY
                6/25/2026

Signed by:

0C846D96AA3B476...

**TYRONE BLAKE SR.**